# NEW YORK COMMON PLEAS.

## CHARLES JOHNSON AND JAMES LOWNSBERRY agt. WILLIAM FLORENCE, JR.

Where a defendant is *arrested* for fraudulent representations in contracting the debt upon which the action is brought in the N. Y. district court, on being brought before the justice upon the warrant, he may read *counter affidavits* to those of the plaintiff, and move thereon to *discharge the arrest*. But this must be done before *issue joined*.

*New York Common Pleas, General Term, December,* 1866. *Before* DALY, BRADY *and* CARDOZO, *Justices.*

THIS was an action commenced in a district court by the granting of a warrant for the defendant's arrest, upon the ground of fraud in contracting a bill of $233.75, for the use of certain coaches, horses and a wagon, hired by the defendant from plaintiff's stable. The defendant on being brought before the justice, proposed to read certain affidavits explaining the representations made, and showing them to be true. The justice refused to allow the defendant to read such affidavits, on the ground that he had no power to hear them,

and rendered judgment on proof of the plaintiff's claim, for the amount claimed, from which judgment the defendant appealed, upon the ground that the justice erred in refusing to receive such affidavits on behalf of the defendants.

C. A. HENRIQUES, *appellant's attorney.*
DAVID MCADAM, *respondent's attorney.*

*By the court,* DALY, F. J. The defendant was arrested upon a warrant founded upon affidavits alleging that the defendant made certain representations which induced the plaintiffs to let him on hire, coaches, horses and a wagon, from time to time, until the defendant ran up a bill of $233.75, which representations are alleged to have been false, and to have been made with a fraudulent intent. When the defendant was brought before the justice he offered to read a number of affidavits to show that the representations made by him were strictly true, but the justice refused to hear them, upon the ground that he had no authority. The arrest in this case was made under subdivision 3, of section 16, of the act of 1857, in relation to district courts, for fraudulently contracting the debt for which the action was brought. The right to arrest in such a case does not arise from the nature of the action, for the defendant may be liable for the debt but not liable to arrest, which is a collateral remedy wholly independent of the cause of action. If liable to arrest, the defendant must give security for his appearance, or remain in custody until the action is tried, and if judgment is rendered against him, and if sufficient property cannot be found to satisfy the execution, the defendant is committed to jail until he pays the judgment, or is discharged according to law. The warrant issues upon the affidavit of the plaintiff and of another person, proving to the satisfaction of the justice the facts upon which the application is founded, and if the affidavits are defective, if sufficient does not appear upon the face of them to authorize the issuing of a warrant, the defendant upon being brought before the justice, and before pleading, may move to set the proceedings aside as irregular.

Johnson agt. Florence.

(*Dewey* agt. *Greene*, 4 *Denio*, 94; *Miller* agt. *Brinckerhoff*, *Id.*
118.)   If the affidavits are sufficient upon their face, then the
defendant may move upon affidavits for the discharge of the
warrant, for the *ex parte* affidavits are not conclusive as to
the right to arrest *(Shannon* agt. *Comstock*, 21 *Wend.* 458),
and if the justice upon hearing the affidavits, is satisfied
that no ground existed for the arrest, he should dismiss the
proceeding and discharge the defendant.   (*Bennett* agt. *Inger-
soll*, 24 *Wend.* 113; *Malone* agt. *Clark*, 2 *Hill*, 658.)   In some
cases the objection has been raised by a plea in abatement
(*Swartwout* agt. *Ruddes*, 5 *Hill*, 118), but the more appropri-
ate mode of testing the right to arrest by warrant, is by a
motion to dismiss it, founded upon proof of the same nature
as that upon which it is obtained; the proceeding being
analogous in this respect to that which prevails under the
Code (*Corwin* agt. *Freeland*, 2 *Seld.* 565), and the motion
should be made before plea—for if the defendant joins issue
upon the merits without raising the objection, he waives it,
and admits that he was properly brought into court upon
the warrant.   (*Andrews* agt. *Sharp*, 1 *E. D. Smith*, 615;
*Malone* agt. *Clark*; 2 *Hill*, 657.)   The act of 1857 does not
point out what course a defendant is to pursue who has been
wrongfully arrested by a warrant, but this was also the case
in the part of the non-imprisonment act relating to justices'
courts, which authorized the arrest of non-residents, and
the issuing of attachments, where the latter had assigned or
secreted, or was about to remove his property from the
county with intent to defraud, under which act the cases
above cited were decided.   The affidavits which the defend-
ant offered to read, contradicted the allegation in the affida-
vit of the plaintiff, that the representations made by the
defendant were false and fraudulent, and the justice would not
hear them; and the defendant was thereby deprived of his
right to move for his discharge from the arrest.

The judgment should be reversed.

BRADY, J., concurred.

CARDOZO, J. "I take no part in the decision of this appeal."

Judgment reversed.