L UTHER D. W OOD, E ZRA H. S HERMAN, and J ASON N EWTON, Appellants, *v.* J OHN H ENRY and H ENRY E. C HILD, Respondents.

No execution against the person can issue upon a judgment, where no order of arrest has been previously obtained in the action, unless the " plain and concise statement of facts, constituting the *cause of action*," contained in the complaint, as required by section 142 of the Code, of itself, necessarily imports liability to arrest, and the cause of *action* and cause of *arrest* are *identical.*

A complaint alleging the contracting of a debt, by the defendants in a fiduciary character, does not show such a cause of action.

Accordingly, where the complaint alleged that the defendants were commission merchants, and were employed by the plaintiff, to sell certain property upon commission; that the defendants undertook to sell the property at the highest market price, and, immediately thereafter, to render an account of such sales, and pay over to the plaintiffs the proceeds, after deducting their commissions, and that the defendants received such property, and made the sales, but had not paid over the proceeds, or any part of them, upon judgment entered by default, no order of arrest having been issued in the action.—*Held* (L OTT and J AMES, JJ., *dissenting*), that no execution against the person could issue.

It *seems* that the allegations in the complaint, as to the fiduciary character of the defendants, are not traversable, and an answer, admitting the debt, but denying the fiduciary character, is not authorized in our system of pleading.—W OODRUFF, J.

(This cause was argued on the 11th day of January, 1869, and decided on the 19th of March, 1869.)

T HIS is an appeal from an order of the General Term of the Supreme Court in the first judicial district, affirming an order of the Special Term setting aside executions issued against the persons of the defendants.

The judgment was taken by default, for want of an answer, in favor of the plaintiffs, against the defendants, for $1,726.38. Executions against property, having been returned unsatisfied, the executions against the persons of the defendants, which were set aside by the order appealed from, were issued.

No order of arrest had ever been obtained in the action.

The complaint, after alleging the partnership of the plain-

tiffs, as cheese manufacturers, at Lanesboro, Massachusetts, and the copartnership of the defendants, as commission merchants, and produce and cheese brokers, in the city of New York, proceeded as follows: "*Third.* On or about the 1st day of January, 1868, at the city of New York, these plaintiffs, as such copartners, employed the defendants, as such copartners, to sell certain goods and merchandise of these plaintiffs, upon commission, and thereupon, at said city, delivered to said defendants, said goods and merchandise, viz: Two hundred and eight boxes of cheese, amounting, in the aggregate, to 13,771 pounds, to be sold at the highest cash price, and for a reasonable commission, for and on behalf of these plaintiffs; and that said defendants, as such copartners, thereupon, undertook and agreed to sell such cheese for cash, at its highest market price, and, immediately after such sale, to render an account thereof to these plaintiffs, and to pay over to said plaintiffs the proceeds of said sale, after deducting a reasonable sum, as commission or compensation, for defendants' services in said transaction.

"*Fourth.* Plaintiffs further show, on information and belief, that immediately thereafter, and on or before the 9th day of said January, defendants sold said cheese, to some person or persons unknown to plaintiffs, and received therefor the sum of $1,855.46.

"*Fifth.* As the plaintiffs are informed, and believe, the just charges of the defendants, for commissions and expenses in and about said sale, including the freight thereon, amount to the sum of $186.12, and no more.

"*Sixth.* That the sum of $1,669.34, being the balance of said price remaining, after deducting said charges, became due and payable to these plaintiffs, by the defendants, on the 9th day of January, 1868, but that no part of the same has been paid.

"Wherefore, plaintiffs demand judgment against said defendants for said sum of $1,669.34, with interest and costs."

*Rufus L. Scott*, for the appellants.

*E. More*, for the respondents, cited, upon the point that the allegations of the complaint, as to the fiduciary character of the defendants, were not material and necessary to the cause of action, *Alden* v. *Sarson* (4 Abb., 102); *McKay* v. *Draper* (19 Abb., 306, *note*); *Corwin* v. *Freeland* (2 Seld., 560); *Fry* v. *Bennett* (5 Sandf., 54); *Oechs* v. *Cook* (3 Duer, 165); *Newman* v. *Otto* (4 Sandf., 668); *Williams* v. *Hayes* (5 How., 470); *Harlow* v. *Hamilton* (6 How., 475); *Conner* v. *Meir* (2 E. D. Smith, 314).

WOODRUFF, J. The Code of Procedure, in section 179, authorizes an arrest, in certain specified actions, in which the cause of arrest is identical with the cause of action. In such cases, the complaint, if it states facts constituting a cause of action, necessarily states facts, which, if established by a recovery and judgment, conclusively show that the defendant was liable to arrest, under the provisions of that section.

It authorizes an arrest, in certain other cases, in which the cause of action may be complete and perfect, but where no cause of arrest is necessarily involved therein. The right of arrest, in those cases, depends upon extrinsic facts, which, though, in a certain sense, collateral to the cause of action, are not at all essential to the recovery of the judgment, which the plaintiff seeks.

Sections 180, 181, 182 and 183, provide for an order of arrest, to be obtained in the action, and authorize the granting of the order, at any time before judgment; and by section 204, a defendant arrested must apply, if he desired a discharge, or a reduction of the required bail, by motion, before judgment, and there was no provision giving him the opportunity, after judgment.

Section 288, of the Code, provided, that if the action be one in which the defendant might have been arrested, as provided in sections 179 and 181, an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of a *fi fa*, unsatisfied.

Under these provisions, there was some difference of opinion, and doubt, as to the construction of the latter section.

Must an order of arrest be obtained, in all cases before judgment? Or may an execution issue against the person of the defendant, although no such order was made before judgment? If so, then it would seem that a defendant might be imprisoned on execution, though the cause of action involved no liability to arrest, upon an *ex parte* statement of extrinsic facts, and he be powerless to move for a discharge, however full his proof might be, that he was not justly charged.

Intermediate these two inquiries, was a third: must an order for the arrest be obtained before judgment, in those cases in which such extrinsic facts are relied upon as the cause of arrest, such an order being the only, and the appropriate, mode of showing a liability to arrest, as provided in section 288? But where the cause of action, in itself, involved a liability to arrest, may not execution issue against the person, without any previous order, the judgment, in such case, showing, conclusively, the liability of the defendant to be arrested?

This latter view of the subject was deemed, by many, the most just construction, and to be fairly warranted by all of the sections of the Code, bearing on the subject.

In 1862, the question was put at rest by an amendment of the section (288), which authorizes executions against the person, so that it now reads: " No execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, as in this act provided, or unless the complaint contains a statement of facts, showing one or more of the causes of arrest, required by section 179."

This answered the questions above stated. In some of the cases mentioned in section 179, the cause of arrest, and the cause of action, being identical, the complaint, if it stated a cause or causes of action, would, and must, contain a statement of facts, showing one or more causes of arrest. In other cases, the cause of arrest, being extrinsic, would not appear in the complaint, and execution against the person is prohibited,

unless an order of arrest had been served before judgment, with all the opportunity to meet and disprove it, provided in the previous chapter.

Here was no alteration of the rules of pleading, or change in the requisites of a complaint in the action. Those requisites had been distinctly declared before, and in terms which forbid the introduction into the complaint, of anything not so prescribed.

The 142d section states, what the complaint shall contain: besides the title and the venue, "a plain and concise statement of the facts constituting the cause of action;" a demand of the relief to which the plaintiff supposes himself entitled, or if the recovery of money be demanded, the amount thereof.

This stands now, as before, the rule in declaring, and conforms perfectly to the construction of the amendment of 1862, above stated.

If the statement of facts, thus prescribed, shows one or more of the causes of arrest, then the cause of action, and the cause of arrest are identical, and judgment for that cause establishes, conclusively, a liability to arrest, and execution against the person follows.

If the statement of the facts constituting the cause of action does not, *per se*, import liability to arrest, then a previous order of arrest, upon proof of extrinsic facts, which are not essential to the recovery of judgment, must be procured, or no execution against the person can issue upon the judgment.

In the present case it may have been wholly impossible for the defendants to deny that they owed the money claimed by the plaintiff, or that the consideration of the indebtedness was the receipt of moneys arising from a sale of the plaintiffs' goods. And yet they may be quite able to show, that they were not commission merchants, and that the circumstances, under which they acted, did not establish any fiduciary relation between them and the plaintiffs, but the relation of debtor and creditor merely. If so, then by no possible answer which the defendants could truthfully interpose, could they

have prevented judgment for the plaintiffs, for the amount claimed.

Admitting the debt, they could not demand a trial, to determine the extrinsic facts, when the jury must necessarily have found a verdict for the recovery of the money.

We have no provision, authorizing an answer setting up such extrinsic facts, going neither in denial nor avoidance of the cause of action itself. We have no provision for the trial of such collateral questions, and no warrant for a judgment, other than that the plaintiffs recover so much money with costs, &c.

The order appealed from was correct, and should be affirmed.

LOTT, J. (dissenting.) The only question presented on the appeal in this case, is whether an execution, issued against the persons of the defendants, was authorized under the provisions of the Code.

The action was commenced, by the service of the summons, and complaint therein, on each of the defendants personally.

The complaint, after alleging that the plaintiffs were copartners, in the business of manufacturing cheese, at Lanesborough, in Massachusetts, and " that the defendants were copartners, carrying on the business of commission merchants, and produce and cheese brokers, as such at the city of New York," avers in substance, that the plaintiffs, on or about the first day of January, 1868, employed the defendants, as such copartners, to sell a quantity of cheese, belonging to them, on commission, and delivered it to them, " to be sold at the highest cash prices, and for a reasonable commission, for and on behalf of these plaintiffs, and that said defendants, as such copartners, thereupon undertook and agreed to sell such cheese for cash, at its highest market price, and immediately after such sale, to render an account thereof to these plaintiffs, and to pay over to said plaintiffs the proceeds of said sale, after deducting a reasonable sum, as commission or compensation for defendants' services, in said transaction;" that the defendants, on or before the ninth day of the said January,

sold said cheese and received therefor the sum of $1,855.46; that their just charges, for commissions and expenses, in and about such sale, including the freight thereon, were $186 and no more; and that the sum of $1,669.34, being the balance of the money so received, after deducting said charges, became payable to the plaintiffs, by the defendants, on the said ninth day of January, 1868, but that no part of the same had been paid.

The plaintiffs, upon those facts, demanded judgment against the defendants, for the said last mentioned sum, with interest and costs.

The defendants failed to answer the complaint, and judgment was entered against them, by default, for the amount claimed, with costs.

After an execution, against the property of the defendants, had been returned, unsatisfied, an execution against their persons was issued to the county of New York, without any previous order authorizing an arrest, which, on that ground, was set aside by an order of Special Term, subsequently affirmed at General Term.

It then becomes necessary to inquire whether such order of arrest was a pre-requisite to the issuing of that execution.

It is provided, by section 179 of the Code, that a defendant may, among other cases, be arrested " in an action for a fine or penalty, or on a promise to marry, or for money received, or property embezzled or fraudulently misapplied by a public officer, or by an attorney, solicitor or counselor, or by an officer or agent of a corporation or banking association, in the course of his employment as such, or by any factor, agent, broker, or other person in a fiduciary capacity, or for any misconduct or neglect in office, or in a professional employment " (subdivision 2d), and it is required by section 180, that an order for such arrest must be obtained from a judge of the court in which the action is brought, or from a county judge, which, by section 181, " may be made where it shall appear to the judge, by the affidavit of the plaintiff, or of any

other person, that a sufficient cause of action exists and that the case is one of those mentioned in section 179."

Section 288, then provides, that "if the action be one in which the defendant might have been arrested, as provided in section 179, and section 181, an execution against the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of an execution against his property, unsatisfied, in whole, or in part. But, no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179."

Those facts, I shall assume, must be such as are material in stating the cause of action, under the system of pleading prescribed by the Code.

That requires, by section 142, that the complaint shall contain (in addition to other matters immaterial to the present inquiry), " a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."

All the facts set forth in the complaint (except the nature and place of business of the parties, and they will be disregarded as immaterial) were properly and necessarily stated, as constituting the plaintiffs' cause of action. They show the origin, nature, and extent of the plaintiffs' demand, and none of them, with the exception referred to, are immaterial, or irrelevant. From these, it appears that the defendants had, as the factors, or persons otherwise acting as agents of the plaintiffs, or in a fiduciary capacity, received, as the avails of certain property belonging to them, and sold by the defendants, the money mentioned in the complaint, and which they, in violation of their duty, and in breach of their trust, growing out of the relation existing between the parties, had neglected to account for or pay. These facts show a cause of arrest, within subdivision 2, of section 179, above recited.

It may be proper to notice a point of the defendants, that the judgment is void on its face, and may be attacked collaterally, on the ground that the affidavit of verification to

the complaint was not properly administered, and that it was entered without any proof or assessment of damages. It is sufficient to say that no such ground was taken in the court below.

The motion there was made, to set aside the execution, and to discharge the defendants from imprisonment. It was limited to that object, and the notice of motion states the judgment to be one of the papers on which it was founded. The validity of the judgment was, therefore, assumed. In any event, the entry of the judgment, without any other proof than the affidavit of verification to the complaint, was an irregularity, merely, and the judgment was not void.·

The objection, therefore, is not available now. It follows, from the views above expressed, that the execution was properly issued, without a previous order of arrest, and that the order of Special Term, setting it aside, and that of the General Term, were each erroneous.

They must, therefore, be reversed, and an order must be entered, denying the original motion, with $10 costs of the motion, and on each of the appeals.

HUNT, Ch. J., GROVER, MASON, MURRAY, and DANIELS, JJ., were for affirmance on the grounds stated in WOODRUFF's opinion.

DANIELS, J., also thought that the plaintiffs, having entered judgment without application to the court, must be deemed to have waived any claim except for the recovery of money due upon a simple contract debt.

JAMES, J., concurred with LOTT, J., for reversal. He thought the plaintiffs must necessarily, upon a trial under the complaint, have proved the fiduciary relation, in order to recover.

Order affirmed.