Obregon agt. De Mier.

---

## N. Y. COMMON PLEAS.

JOSE A. OBREGON and another agt. JUAN C. DE MIER.

*Fiduciary capacity — What must be established in actions to recover money alleged to have been received in a fiduciary capacity — What constitutes a fiduciary relation — what extinguishes the same.*

In an action brought to recover money alleged to have been received by defendant in a fiduciary capacity, plaintiff must establish, on the trial, the fiduciary relation, or he cannot recover.

But, on consent of defendant's attorneys, the complaint may be amended at the trial so as to allege a demand arising from a breach of contract, and judgment rendered on such demand.

What constitutes a fiduciary relation.

Agent's acceptance of his principal's draft, and principal's transfer of such draft, extinguishes fiduciary relation (*See S. C.*, 52 *How.*, 356; 54 *How.*, 390).

*Trial Term, January,* 1877.

THIS was an action brought to recover $12,000, in American gold, transmitted by plaintiffs to defendant, with instructions to purchase silver with the amount and to ship the silver to plaintiffs.

On the trial, defendant proved that the order for the purchase and shipment of silver had been countermanded by plaintiffs, who thereupon drew on the defendant, at sixty days' sight, for the amount, to the order of a third party; that defendant accepted the draft, which was duly passed to the third party, and by him discounted. When the draft matured defendant had become insolvent, and the draft went to protest.

Defendant's counsel moved to dismiss the complaint, unless plaintiffs would amend so as to claim on a mere money demand.

*Paul Fuller,* for defendant.

*Hatch & Van Allen,* for plaintiffs.

VAN HOESEN, *J.* — I am of opinion that the pleadings should be changed conformably to the proposition made in open court, at the trial, by the counsel for the defendant.

The complaint should be amended so as to allege a demand for money had and received, or any other demand arising from a breach of contract. I think such an amendment to be absolutely indispensable, for this case does not fall within the relaxed rule established by *Wood* agt. *Henry* (40 *N. Y.*, 124).

It is barely possible that a recovery upon the present pleading might be sustained, under the decision in *Matthews* agt. *Cady* (61 *N. Y.*, 651), by regarding the action as founded

upon an implied *assumpsit* to pay back to the plaintiffs the moneys which the defendant received from them.

As the defendant consents to the alterations of the pleadings the better course is to amend them.

Where a plaintiff brings an action for a cause which is mentioned in subdivision 2, section 179 of the Code, he must prove upon the trial the facts which give him the right to the arrest, unless it appears that the complaint actually sets out a cause of action upon contract, and that the allegations which are inserted for the purpose of establishing a ground for arrest are merely the legal deductions, arguments or inferences drawn by the pleader from the facts constituting the cause of action on contract (*Greentree* agt. *Rosenstock*, 61 *N. Y.*, 589 ; *Goodrich* agt. *Dunbar*, 17 *Barb.*, 644; *Swift* agt. *Wylie*, 5 *Robt.*, 680).

From the evidence presented at the trial, particularly from the letter dated 7th June, 1875, I am satisfied that the plaintiffs voluntarily put an end to the fiduciary relation between the defendant and themselves. Indeed, I am in doubt whether such a relation ever existed. The parties were old acquaintances, having had dealings together for years and mutual, open and current accounts between them. When the plaintiffs terminated the affair (to use their own language) it was no longer the duty of the defendant to buy fine silver.

The plaintiffs evidently supposed that the defendant had used, or would use, the money, for by drawing at sixty days' sight they gave him sixty days within which to make arrangements for the payment of the money to Vengohechea & Co. They charged him interest on the money, which they would not have done if they had regarded the money as a special deposit of which the defendant could not make any use. These facts are inconsistent with the existence of a fiduciary relation (*Graham* agt. *Dunbar*, 17 *Barb.*, 644; *Siddell* agt. *Paton*, 7 *Hun*, 195).

Besides, the draft was passed to Vengohechea & Co., and by them procured to be discounted. It was paid upon protest

by De Castro & Co. for the honor of Vengohechea & Co. Whether the plaintiffs would ever be called upon to pay the draft, after it had been accepted by the defendant, depended upon their being charged as drawers. The probabilities are that the plaintiffs received from Vengohechea & Co. full value for the draft before the failure of the defendant and that they were not at all damnified until, on being charged as drawers, they were compelled to take up the draft. If the plaintiffs had not been charged as drawers they would have no claim, whatever, against the defendant. They would have been discharged though the defendant would have been liable upon his acceptance. Whilst there are decisions the other way, I think the true rule is laid down by judge HARRIS in the case of the *Alliance Insurance Company* agt. *Cleveland* (14 *How. Pr.*, 408, 410) and in conformity therewith I decide that the plaintiffs' transfer of the defendant's acceptance changed the character of the defendant's responsibility and that as the transferee of the draft could not have arrested the defendant, the plaintiffs who were charged as drawers could not do so either.

The pleadings should be amended as suggested and the plaintiffs should then have judgment for the amount claimed.