WILLIAM W. GIBBS, RESPONDENT, *v.* ROBERT H. HICHBORN, APPELLANT.

*Arrest — when the ground of, is identical with the cause of action — Code,* § 179, *sub.* 2.

The complaint in this action alleged that the plaintiff and defendant exchanged dry goods, owned by them respectively, for certain real estate, the title to which was, by agreement, taken in plaintiff's name; that, in pursuance of the same agreement, the plaintiff executed a bond and mortgage to the defendant for $10,000, to be sold by the latter, the proceeds arising thereon to be divided between the plaintiff and defendant according to the value of the respective lots of dry goods; that defendant sold the mortgage and failed to pay over to the plaintiff his share of the proceeds.

Upon the trial the plaintiff recovered a verdict, upon which a judgment was entered, on which an execution against the person of the defendant was issued, no order of arrest having ever been made in the action. On a motion to vacate the order, *held*, that the defendant was acting in a fiduciary capacity and liable to arrest; that the cause of arrest and cause of action were identical, and that the execution was properly issued.

APPEAL from an order denying a motion to set aside an execution against the body of the defendant. The complaint alleged, among other things, that theretofore this plaintiff and the defendant bartered or exchanged dry goods· owned by them respectively for certain real estate, and upon the making of said barter or exchange, this· plaintiff, for convenience, took the conveyance and title of said property in the interest of the plaintiff and defendant.

That it was part of the agreement between plaintiff and defendant, in respect to said barter or exchange, that upon the taking of said conveyance this plaintiff should execute and deliver to the defendant his bond in the penalty of $20,000, conditioned for the payment of $10,000, secured by a collateral mortgage upon the said real estate, which bond and mortgage should be thereupon negotiated and sold by the defendant, and the proceeds thereof should be divided between plaintiff and defendant according to the proportions of their respective stocks of dry goods so bartered and exchanged for said real estate, after first allowing to this plaintiff out of the same the expenses incurred upon the examination of the title of said real estate.

That on or about the 13th day of November, 1873, the defendant negotiated and sold the said bond and mortgage so executed by plaintiff to him, and received the full amount thereof.

That the proportion of the amount of said mortgage payable to plaintiff by defendant, pursuant to the agreement aforesaid, was $5,344.48, upon account of which defendant had at different times paid or caused to be paid to the plaintiff the sum of $1,600.

That this plaintiff had demanded from the defendant at different times the payment and delivery to him of the said portion of said proceeds of said mortgage to which he was so entitled; but the defendant had hitherto neglected and refused to so pay or deliver any part of the same except the said sum of $1,600 above mentioned.

After a verdict and judgment in favor of the plaintiff an execution against the body of the defendant was issued, to set aside which this motion was made.

*Orlando L. Stewart,* for the appellant.

*R. S. Green,* for the respondent.

BRADY, J.:

The error of the appellant consists in supposing that the transaction between the parties hereto was a copartnership. It was not. The complaint contains a statement of it in detail. The defendant was to sell a bond and mortgage, in which the plaintiff had an interest as owner, and out of the proceeds to pay the plaintiff the

amount of his ownership. He negotiated the sale, received the money, and kept a part of the plaintiff's share as owner. As suggested, all the facts, including that just stated, in regard to the mortgage, were not only recited in the complaint, but the subject of proof, and therefore of investigation, on the trial. It is quite apparent that no credit was given to the defendant by the plaintiff. The former was to pay the share of the latter when the money was received for the transfer contemplated, and the transaction was therefore like the delivery of any property to be sold on account of the owner and upon the agreement that the proceeds should be paid over when received. The statement of facts *per se* imported liability to arrest.

The defendant acted in a fiduciary capacity, and was therefore subject to that remedy. The principles declared in *Wood* v. *Henry* (40 N. Y., 124), to which we were referred, are applicable. We can adopt the view of the transaction in the respondent's points:

" The whole arrangement evidently shows that the intention of the parties was to raise a sum of money from some third party, and that the plaintiff, having confidence in defendant's integrity, executed to him a bond reciting that he was indebted to him in the sum of $20,000, conditioned for the payment of $10,000, secured by mortgage upon the real estate, trusting to his honor to properly dispose of the security for the purpose of accomplishing their object, namely: The raising of money and the division of the proceeds."

The case of *Morange* v. *Waldron* (6 Hun, 529) is not an authority in favor of the defendant. The proposition maintained in that case was, that in order to render a person liable to arrest under subdivision 2 of section 179, relating to money received in a fiduciary capacity, it must appear that the identical money received was the property of the creditor. Assuming that to be the law, this case presents the necessary element. The money received on the sale of the bond and mortgage was, to the extent of the plaintiff's interest as owner, his money, and was, by agreement, to be paid over to him when received. The right to issue an execution against the person existed therefore. The cause of arrest was identical with the cause of action, and the facts constituting the latter were established by recovery and judgment, and

show conclusively that the defendant was liable to arrest. (Code, 179; *Woods* v. *Henry, supra.*)

The order appealed from must be affirmed, with ten dollars costs, and the disbursements of this appeal.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.