By the Court.—Sedgwick, J.
—The first position of the learned counsel for appellants is, that the cause of action, stated in the complaint, comprises facts which justify arrest, under section 179 of Code of Procedure, and that if the affidavits disclose any facts to sustain it, the court below should have held the order of arrest, and not have determined the issues of > this action, which a jury must decide.
The court of appeals definitely decided, having, at the time, section' 288 in view, that a complaint which contained averments of enough facts to justify a verdict for plaintiff, irrespective of, and disregarding all averments of the complaint that could show a cause of arrest under section 179, did not state a cause of action, which of itself' authorized arrest under that section. The substantial reason was, that the plaintiff would prove enough to justify a verdict, and the jury would not be called upon to say if -the other and immaterial issues proffered by complaint, should be decided in plaintiff’s favor.
Looking, then, at the complaint, we must see, if *371 according to its averments, the plaintiffs might have judgment without proof of any facts which sustain an arrest under section 179. The complaint avers that the plaintiffs authorized and empowered the defendant, as their confidential agent, to sell for them the bills of exchange; that the defendant did sell them, and receive the proceeds ; that he paid over a part of the proceeds, but refused to pay the rest of them, upon a demand by plaintiffs. It is manifest that nothing to sustain the power to arrest is stated, except it be that defendant was authorized and empowered to sell for plaintiffs as their agent. The word “confidential”' agent does not affect the question.
But the mere fact that the defendant is an agent to sell and to receive the proceeds does not make him liable for a tort in “case he does not pay over the proceeds on demand, after those proceeds have passed, from the specific form in which they were received, and have been commingled with the agent’s own money. While they remain in the specific form, the principal may become entitled to their possession upon demand. Unless such is the case, to make the agent liable to hold the specific proceeds for the principal, there must be allegations to show that that was his special obligation. In Walter v. Bennett (16 N. Y. 250), the plaintiff employed the defendant as his agent to sell pork, and the defendant did, as such agent, sell the pork, and receive the proceeds in a draft. He had this discounted, and the proceeds placed to his own credit. The plaintiff demanded the draft or the proceeds. The defendant refused to pay either. Judge Brown said : “ The relation between the parties rested in contract, for agency, under all the authorities, is a contract, expressed or implied. Whatever responsibility attaches to the defendant from his relation of agent, is upon the contract, and the plaintiff cannot change the nature of the defendant’s obligation, and *372 convert that into a tort, which the law deems to be a simple breach of an agreement.” Judge Johnson said: “The duty of an agent for sale is to account for the proceeds of his principal’s property ; but he is not guilty of a conversion, if he does not deliver the specific proceeds to his principal” (Wood v. Henry, 40 N. Y. 124; Conaughty v. Nichols, 42 Id. 83; Prouty v. Swift, 51 Id. 594 ; Greentree v. Rosenstock; 61 Id. 583).
In this case, therefore, the judge, in deciding the motion, did not pass upon issues offered by the complaint and relating to a cause of arrest which a jury would thereafter be called to pass .upon, and he was at liberty, and it was his duty, to examine the affidavits to determine the preponderance of the testimony disclosed by them.
The remaining question is, did the weight of the affidavits show a cause of arrest under the section % It would seem clear on the first impression, that this action was exactly under section 179, for money received by the defendant as a broker, but the-section has been construed to mean, where the obligation on the part of the agent is to return the identical money or its traceable proceeds to the principal, and it does not apply to a case where, by agreement, the agent may use the money, when received, as his own, so far as the legal title to it goes, while he promises to pay the amount on demand,—i. e., where the agreement contemplates the relation of debtor and creditor (McBurney v. Martin, 6 Robt. 502).
Giving a fair construction to the affidavit for plaintiffs, and sifting conclusion and opinion from fact, there is no inconsistency between it and other facts stated in defendant’s affidavit which show that the relation of simple debtor and creditor existed when demand was • made. But if there be a conflict, the circumstantial narration of defendant’s affidavit, and the inference from *373 the letters set out, produce a conviction that sustains the order made below.
The order is affirmed, with $10 costs and disbursements to be taxed.
Curtis, Ch. J., and Freedman, J., concurred.