JESSE B. COLES, Appellant, *against* JOHN HANNIGAN, Respondent.

(Decided April 1st, 1878.)

In an action commenced in a District Court of the city of New York by a warrant of arrest, issued on affidavits showing a ground of arrest extrinsic of the cause of action, if the defendant does not move to vacate of arrest, he admits that the

warrant was rightly issued; and on judgment entered for the plaintiff on an issue joined in the pleadings, it is the duty of the justice to state in the judgment that it was rendered in a case where the defendant was subject to arrest and imprisonment, and so enter it in his docket; and for his failure to do so, the judgment will, on appeal, be reversed.

*It seems,* that if the warrant is vacated upon motion of the defendant, made before answer, judgment should be entered for the defendant for his costs.—Per J. F. DALY, J.

APPEAL from a judgment for the plaintiff rendered in the District Court of the city of New York for the First Judicial District.

The facts are stated in the opinion delivered by Chief Justice DALY.

*Jeroloman & Arrowsmith,* for appellant.

*Hall & Blandy,* for respondent.

CHARLES P. DALY, Chief Justice.—Where, as in the present case, the right to arrest arises from facts extrinsic of the cause of action, the course of procedure is different in the district courts from what it is in courts of record. In courts of record, under the Code, the action is commenced by summons, and an order of arrest must be obtained upon affidavits ; but in the district courts, in such a case, the action is commenced by a warrant granted by the justice to arrest the defendant, issued upon an affidavit setting forth the facts which authorize the arrest; the issuing of which warrant is like a commencement of the action and an authority for the defendant's arrest, to abide the judgment. Upon being brought before the justice, the defendant may move to vacate the arrest, and if he does not do so, as was the case here, he admits that the arrest was rightfully made. This is a matter wholly distinct from the pleadings in cases like this, where the right to arrest exists upon grounds extrinsic of the cause of action. In the district courts, the action may be commenced by a warrant to arrest where the defendant has been guilty of a fraud in contracting the debt or incurring the ob-

ligation for which the action is brought (1 L. 1857, p. 712, § 16, subdiv. 3).

The warrant of arrest in this case was issued upon an affidavit showing that the defendant had been guilty of a fraud in contracting the debt for which the action was brought. Upon being arrested and brought before the justice, he had the right, before pleading to the cause of action, but not afterwards, to move to vacate the arrest, which, if granted, would have discharged him, as the action could not have been commenced by warrant unless he was subject to arrest. The cause of action was a debt incurred for goods purchased to the amount of $165 62, making a total, with interest, of $180 10. He made no application to vacate the arrest, thereby admitting that he had been rightly arrested, upon which the plaintiff made his complaint orally, for goods sold and delivered, to which the defendant interposed a general denial, thereby creating an issue, which imposed upon the plaintiff the obligation of proving that the defendant had purchased from him goods to the amount sought to be recovered, and the case was then adjourned to a further day for the trial of that issue, on which day the parties appeared and the defendant admitted the sale and delivery to him, by the firm of Cook & Bernheimer, on the 27th day of December, 1876, of goods and merchandise of the value of $165 62; and that the interest on the purchase was $14 48, making a total of $180 10; and he also admitted that the firm of Cook & Bernheimer assigned their claim against him for this purchase, and that the plaintiff was then the owner of it. It was the duty, then, of the justice to render judgment for the plaintiff for this amount, and to state in the judgment, in accordance with the 50th section of the act of 1857, before referred to, that it was rendered in a case where the defendant was subject to arrest and imprisonment, and so enter in his docket, which, it appears from the return, he refused to do; and for his refusal to do so, the judgment which he rendered will have to be reversed, there being no other mode of correcting the error.

That this was the proper course of procedure is so plain

that it will not be necessary to refer to the authorities in this court and elsewhere farther than to cite them (*Johnson* v. *Florence*, 32 How. Pr. 230 ; *Andrews* v. *Thorpe*, 1 E. D. Smith, 615 ; *Malone* v. *Clark*, 2 Hill, 657 ; *Wood* v. *Henry*, 40 N. Y. 124 ; *Prouty* v. *Swift*, 51 id. 594 ; *Act* to reduce the several acts relating to the district courts in the city of New York into one act.—Rev. Laws of 1803, Laws of 1857, p. 707).

It was stated on the argument that the first of the cases cited, *Johnson* v. *Florence*, was reversed in this court upon a reargument. We have caused enquiry to be made in the clerk's office, and we find no record there, either of a reargument or reversal, and if it had been reversed it would not materially affect the question now presented and passed upon.

The judgment should be reversed.

JOSEPH F. DALY, J.—I concur in the conclusions of the Chief Justice and would add :—That the District Court Act, section 50, provides that when a judgment is rendered in a case where the defendant is *subject to arrest and imprisonment thereon* it must be so stated in the judgment and entered in the docket. What cases are such as subjects defendants to arrest and imprisonment upon the judgment therein, is to be determined by section 16 of the act, that being the only enactment of grounds for arrest in the district courts. Unless judgment in the action is rendered in defendant's favor, or he is discharged from arrest (where the cause of arrest is collateral), he is liable to arrest upon execution against the person if he has been arrested pursuant to section 16. This is apparent from the language of sections 25 and 26, providing for the undertaking to be given by defendants in custody on any of the grounds enumerated in section 16. They are to give an undertaking to appear on the adjournment day and to surrender themselves into custody, if any execution be issued on the judgment when obtained in the action. From this enactment it is clear that the execution against the person *may* be issued in every case in which a warrant is issued, for the defendant could not surrender himself into custody

(sec. 26) upon any other execution. If defendant, when arrested, moves for his discharge for the insufficiency of the plaintiff's affidavits or the irregularity of plaintiff's practice, or upon counter-affidavits disproving the ground of arrest, and his motion is granted, he is entitled to his discharge and to have the proceeding dismissed (*Johnson* v. *Florence*, 32 How. Pr. 230). Upon the authority of the last case, it seems clear that the dismissal of the proceeding is equivalent to a judgment in defendant's favor for want of jurisdiction, and that he is entitled to his costs ; and that if plaintiff would hold him for the debt he must issue a summons. It cannot be that defendant, having obtained a discharge of the warrant of arrest, is in court for any purpose, since the process upon which he is brought into court is set aside. These observations do not apply of course to cases where the cause of arrest and cause of action are identical. In such cases, if the plaintiff's affidavits make out a *prima facie* case, it is the rule to try the question on the issues in the pleadings and not upon affidavits.

In this case the defendant was arrested for fraud in contracting the debt sued on, and the cause of action was for debt (sec. 16, sub. 3). He made no motion to discharge the warrant, and judgment on the debt was recovered against him. It was the duty of the justice to have entered in the judgment that defendant was liable to arrest (section 50).

The judgment should be reversed, with costs of appeal and of the court below to appellant.

VAN HOESEN, J., concurred in the opinion delivered by Chief Justice DALY.

Judgment reversed.