## THE ÆTNA INSURANCE COMPANY, RESPONDENT, v. JAMES M. SHULER, APPELLANT.

*Execution against the person — in what case it may issue, when no order of arrest has been previously granted — Code of Civil Procedure, secs. 549, 550, 1487.*

An execution can be issued against the person, without a previous order of arrest, only in a case where the complaint must and does state a cause of action covered by section 549 of the Code of Civil Procedure, and not in a case in which, while the complaint does show a cause for an arrest, such allegations are not necessary to the cause of action alleged, although the plaintiff would be entitled to an order of arrest upon showing, by affidavits, the facts extrinsic to the cause of action, as required by section 550.

APPEAL from an order made at a Special Term, denying a motion to vacate an execution issued against the person of the defendant.

*Z. S. Westbrook*, for the appellant.

*A. Pard*, for the respondent.

WESTBROOK, J.:

The appellant appeals to this court from an order of the Special Term, denying a motion to vacate an execution issued against his person, under which he was held in custody by the sheriff of Montgomery county.

There had been no order of arrest before judgment, and if the execution can be upheld, it must be upon the ground that it issued to enforce a judgment obtained in an action in which, to justify its issue, no previous order of arrest was necessary.

The cause of action stated in the complaint was, that the defendant, as the agent of the plaintiff at Amsterdam, N. Y., had by its authority and as its agent, during the month of January, 1881, received and collected for it, as premiums upon policies of insurance, the sum of seventy-three dollars and twenty-four cents, which he had failed to pay over to the plaintiff, and had appropriated to his own use.

Section 1487 of the Code of Civil Procedure provides that an execution against the person may issue " 1. Where the plaintiff's right to arrest the defendant depends upon the nature of the action. 2. In any other case, where an order of arrest has been granted and executed in the action, and, if it was executed against the judgment-debtor, where it has not been vacated."

Section 549 of the Code provides for those cases in which an order of arrest may be made depending upon the cause of action as stated in the complaint. (See section and Throop's note thereto.)

Among the causes of action therein specified is one for " the wrongful taking, detention or conversion of personal property."

Section 550 of the Code specifies the cases in which the order of arrest issues upon facts not necessary to be averred in the complaint. (See that section and Mr. Throop's note thereto.)

Among the cases therein enumerated is " an action to recover for money received * * * by an officer or agent of a corporation * * * in the course of his employment."

The execution was sustained at Special Term upon the ground that the cause of action stated in the complaint was one in trover, and therefore embraced in section 549 of the Code. This was a mistake. ( *Wood* v. *Henry,* 40 N. Y., 124; *Conaughty* v. *Nichols,* 42 id., 83; *Greentree* v. *Rosenstock,* 61 id., 583; and many others.) It was simply an action covered by the exact language of section 550, to wit, one action to recover moneys received by an agent of a corporation in the regular course of his employment. The fact that the plaintiff asked for a judgment as for conversion of the money, did not alter nor change the facts. It was still not

an action of trover, which is only maintainable when the party suing is wrongfully deprived of the possession of the particular chattel, which is the subject of the controversy. When a person occupies towards a corporation, which employs him, the position which the present defendant is alleged to have sustained towards the plaintiff, it is not his duty to return the identical money collected, but to remit the same sum either according to specific instructions of the principal, or in the usual mode of making remittances. If, therefore, this action had been tried according to the rules governing an action of trover, it would have failed, because the action did not depend upon the fact that the agent had not remitted the identical money collected, and it could have been defeated by showing that the same amount in money had been tendered and refused. It is true that the plaintiff has averred in his complaint facts, which if true, would have entitled him to an order of arrest before judgment, and an execution against the person to enforce such judgment after its recovery, but all these facts were not necessarily a part of the complaint, as the cases referred to above decide. If that pleading had simply alleged the reception of money by the defendant for the use of the plaintiff, which he had failed to pay, the cause of action would have been perfect, and his right to the order of arrest clear, upon proof of the facts by affidavit attending its collection. If the provisions of section 1487 of the Code are borne in mind this case presents no difficulty. The execution against the person without a previous order of arrest, issues only in a case in which the complaint *must* and does state a cause of action covered by section 549, and not in a case in which a plaintiff *may* so complain as to show no cause for an arrest, and yet be entitled to one upon showing by affidavit facts extrinsic to the complaint as required by section 550.

As then the complaint in this action, whilst averring facts which if true entitled the plaintiff to an order of arrest, did not necessarily contain them, and therefore the "right to arrest the defendant" did not depend "upon the nature of the action," but upon facts which could have been shown by affidavit, and were not necessary to be stated in the complaint; and also because such facts as averred establish no cause of action in trover, it follows, that the execution against the person of the defendant, which

issued without a previous order of arrest, must be set aside, with ten dollars costs, and the order of the Special Term, which refused that relief must be reversed, with ten dollars costs and lawful disbursements.

LEARNED, P. J., concurred; BOCKES, J., not acting.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.