By the Court.—Sedgwick, Ch. J.
My opinion is that the nature of the action was not such that an execution against the person might be issued properly without an order of arrest having been obtained.
The complaint averred, and the finding of the judge followed such averments, that the “plaintiff delivered said stock to the defendant with directions either to collect the amount of said loan at once, or sell said stock, and pay over the proceeds to the plaintiff, and defendant received said stock pursuant to said directions, and promised to *380 comply therewith, but utterly failed, refused and neglected so to do, but converted said stock and the proceeds thereof to his own use.” It is manifest that the complaint states two causes of action. One of these is upon the breach of promise, and does not present a cause of arrest. The other is for conversion, in which it is claimed there may be an arrest. The recovery is upon the promise as much as upon the tort. In such a case, a defendant cannot be arrested.
Or another view may be taken under the case of Greentree v. Rosenstock (61 N. Y. 583) ; and like cases since Wood v. Henry (40 N. Y. 124), that the allegation of conversion is substantially surplusage, after a sufficient cause of action on contract has been stated, or is deemed to be an allegation of such conversion, as being equivalent to the breach of contract alleged, which would be an error of law.
The judge was, therefore, right in setting the execution aside, and I think the laches and misleading acts of the defendant justified the imposition of the condition that the defendant should not prosecute for a false imprisonment.
If the merits of the defense were disclosed solely by the defendant’s affidavit, there would be doubt that justice would not call for the opening of the judgment, resting as it does on the cause of action in contract. His affidavit is seriously opposed, and the balance against him is made by the fact that long after the judgment was obtained, he was notified of its existence, and that plaintiff intended to proceed against him. He acquiesced from the time the suit was begun in its prosecution, so far as he believed it did not charge him with a violation of duty, or render him liable to arrest, and in the judgment from October, 1883, to January, 1884, when he was arrested on execution. The action of the judge in refusing to set aside the judgment should not be disturbed.
Order affirmed, without costs to either party.
Ingraham, J., concurred.