ALEXANDER AGAR *et al.,* Respondents, *against* FRANKLIN HAINES, Appellant.

(Decided April 2d, 1888.)

Plaintiffs, having paid for goods bought of defendant, overlooking that fact subsequently, sent him a check for the amount of the price, which defendant accepted and collected. Plaintiffs, on discovering their mistake, demanded a return of the money, which defendant refused. *Held*, that defendant's act amounted to an unlawful conversion, and that an order of arrest in an action to recover such money was properly granted.

Agar v. Haines.

APPEAL from an order of the General Term of the City Court of New York affirming an order of that court denying a motion to vacate an order of arrest.

Plaintiffs bought a bill of goods from defendant, at the agreed price of $165.87, which, a few days later, they paid. Overlooking the fact of payment, plaintiffs, two weeks thereafter, sent defendant by mail the bill for the goods with a check for the price. The bill was receipted by the defendant and returned to plaintiffs, and the check was deposited and collected by defendant. Plaintiffs, subsequently discovering their error, demanded a return of the last payment, less a credit of $16.50. Defendant refusing to return such money, plaintiffs brought this action to recover the same, and obtained an order of arrest. A motion by defendant to vacate the order of arrest was denied. From this order defendant appealed to the General Term of the City Court which affirmed the order; and from that decision defendant appealed to this court.

*A. Edward Woodruff*, for appellant.

*William O. Campbell*, for respondents.

VAN HOESEN, J. — We think that the order should be affirmed. As Chief Justice McADAM has said, the defendant is guilty of larceny, if, at the time he received and converted the check, he knew that it had been sent to him by mistake, and that he had already been paid for the goods which the check was intended to pay for. It is a very significant fact that in his affidavit the defendant nowhere denies that he knew when the check came into his hands that he had no right to it, and that it had been sent to him by mistake, or that he had forgotten the previous payment. He voluntarily assumed the task of making a full explanation, and yet is silent as to the most material point of all — a point that he could not have overlooked. His affidavit supplements and makes complete the case of the plaintiff.

The defendant's liability to arrest is created by subdivision 2 of section 549 of the Code of Civil Procedure; the clause applicable to his case being "A defendant may be arrested in an action for an injury to property, including the wrongful taking, detention, or conversion of personal property." Subdivision 10 of section 3343 defines "an injury to property" to be "an actionable act whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." The defendant, by an actionable act, which without undue severity may be called a larceny, lessened the estate of plaintiffs to the amount of the check, that, without a shadow of right, he appropriated to his own use.

The case of *Duncan* v. *Katen* (6 Hun 1) presents a good example of the manner in which courts have construed the words "injury to property." In that case, the defendant persuaded a clerk to steal gold certificates from his employer, and give them to her, and it was held that she was liable to arrest for an injury to property. "The property," said Judge DAVIS, "is the right, not the thing — the right to have, use, and enjoy the thing unmolested, and when that right is disturbed, the law gives an action for injury."

The facts of this case do not bring it within the principle enunciated in 14 How. Pr. 408, and 58 How. Pr. 301.

J. F. DALY, J., concurred.

Order affirmed.