## McGUIRE v. BAUSHER.

(Supreme Court, Appellate Division, Second Department.   June 22, 1900.)

1. MARSHALS—LIABILITY FOR FAILURE TO SERVE EXECUTION—PLEADING—DIS-
   MISSAL.
      Where, in an action against a marshal for damages for failure to make
   a true return to an execution, plaintiff alleges that defendant falsely and
   fraudulently induced the clerk to indorse on the execution a renewal
   thereof, the failure to prove the allegations of fraud will not entitle de-
   fendant to a dismissal of the action under Code Civ. Proc. § 549, providing
   that, where fraud is alleged as a ground for the arrest of defendant,
   plaintiff cannot recover unless he proves same upon the trial.

2. SAME—RENEWAL OF EXECUTION WITHOUT CONSENT OF PLAINTIFF.
      Consolidation Act (Laws 1882, c. 410, § 1402), providing that an execu-
   tion may, at the request of the plaintiff, be renewed before the expiration
   of the 20 days by the word "Renewal" being written thereon, and sub-
   scribed by the clerk of the court, the renewal of an execution at the in-
   stance of a marshal without the consent of plaintiff will not relieve the
   marshal from liability for the damages sustained by plaintiff because of
   his failure to make a return of the execution within the time named in
   the writ, as provided in Code Civ. Proc. § 102.

Appeal from municipal court of New York.

Action by Annie McGuire against William H. Bausher for dam-
ages for failure to make a true return to an execution.   From a judg-
ment for defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

Archibald Foote Clark, for appellant.

J. Worden Gedney, for respondent.

WOODWARD, J.·  This is an action to recover damages for fail-
ure on the part of a marshal of the city of New York to make a
true return to an execution.   There is no substantial controversy as
to the facts.   The execution was duly issued and delivered to the
defendant on the 5th day of February, 1900.   The judgment being in
favor of a female for services performed by her, and for a sum less
than $50, no property of the judgment debtor was exempt from levy
and sale, and upon a return of the·execution unsatisfied the plaintiff
had a right to obtain a body execution against the judgment debtor.
Section 3221, Code Civ. Proc.   The execution was returnable within 20
days from the day of its issue, and a day or two before the 25th day
of February the defendant had an interview with the judgment debt-
or, who promised the defendant that he would pay the money in
about a week.   The defendant agreed to await this payment, and on
Sunday, the 25th day of February, 1900, without consulting the
plaintiff or her attorney, he went to the clerk of the court, and se-
cured the·indorsement of a renewal of the execution.   Subsequently
the defendant made a return of this renewed execution unsatisfied,
the judgment creditor having, after the renewal of·the execution,
left for parts unknown.   Upon the trial of the action, after hearing
the evidence, the court dismissed the plaintiff's complaint, upon the
motion of defendant's attorney, upon the ground that "this com-
plaint alleges that the defendant, this marshal, falsely and fraudu-

lently induced the clerk of this court to sign and indorse upon the execution,—falsely and fraudulently represented to the clerk that plaintiff had requested such renewal."

Counsel for the respondent urged at the trial and upon this appeal that under the provisions of section 549 of the Code of Civil Procedure, the plaintiff having alleged fraud, it was necessary to prove the same in order to maintain the action; but we are of opinion that this is a mistaken view of the provisions of the Code. This section of the Code provides for the arrest of a defendant in an action where it is brought for certain causes, and it provides at the close of the second and fourth subdivisions that, "where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action; and a judgment for the defendant is not a bar to the new action to recover the money or chattel." We conceive that this is intended merely as a condition precedent to the right to arrest the defendant, and that it has nothing to do with a cause of action where the allegations of fraud are unnecessary, as in the case at bar. Commenting upon this clause of the section, which was added by amendment in 1886, Stover's Ann. Code Civ. Proc. p. 546, says:

"The effect of this change is to require the matters of fact, upon which the right to arrest depends, in the three cases stated, to be alleged in the complaint and to be made the subject of issues."

But where no arrest is made, or where no right to make such arrest is asserted, the mere fact that a plaintiff alleges fraud does not require him to establish such fact in order that he may recover upon the merits of an action which is completely established independently of the fraud. The order of arrest is a provisional remedy, and its granting or vacating does not affect the plaintiff's cause of action and right to judgment thereon. In re Zeitz, 12 Civ. Proc. R. 423. The same case is authority for the proposition that subdivision 4 of section 549, requiring that the fraud must be proved at the trial, does not apply to the district courts of New York City. See Stern v. Moss, 12 Daly, 516. In the case at bar the right of the plaintiff to recover does not depend in any degree upon the question of fraud, and a judgment in her favor would not subject the defendant to arrest under the provisions of section 549 of the Code of Civil Procedure. This being true, her right to recover cannot be made to depend upon the proof of fraud alleged in the complaint, which should be treated as mere surplusage.

There is no doubt that the defendant failed to make a return within 20 days of the time of the issuing of the execution against the property of the judgment creditor. Section 102 of the Code of Civil Procedure provides that:

"A sheriff, or other officer, to whom a mandate is directed and delivered, must execute the same according to the command thereof, and make return thereon of his proceedings, under his hand. For a violation of this provision, he is liable to the party aggrieved, for the damages sustained by him," etc.

The only question here involved is, did the renewal of the execution made by the clerk of the court on Sunday, February 25, 1900, relieve the defendant of the duty of making a return on the execu-

tion within the limit of time named in the execution? Section 1402 of the consolidation act (chapter 410 of the Laws of 1882) provides that:

"An execution may, at the request of the plaintiff, be renewed before the expiration of the twenty days by the word 'Renewal' being written thereon, with the date thereof, subscribed by the clerk of the court or his assistant."

The courts have long held that the party in whose favor process issues may give such instructions to the sheriff as will not only excuse him from his general duty, but bind him. Root v. Wagner, 30 N. Y. 9, 17; Homan v. Liswell, 6 Cow. 659. But we know of no instance in which the courts have sanctioned the doctrine that a sheriff, constable, or marshal may deal with an execution, without the direction of the party in whose interest it is issued, otherwise than as directed by the execution or the law governing the process. The defendant owed the plaintiff the duty of returning this execution within the time limited by the execution. He could not, by his own act, secure the extension or renewal of it in a manner to protect himself against the rights of the plaintiff. Wehle v. Conner, 63 N. Y. 258, 261. Whether a renewal granted by the clerk on Sunday, in view of the provisions of section 6 of the Code of Civil Procedure, would be valid if the provisions of the statute had been observed, it is not necessary to decide. The right of the clerk to act at all depends upon a request from the plaintiff, and the evidence shows conclusively that the plaintiff made no request in the premises. Under these circumstances the renewal is of no force or effect, and, the defendant having failed to discharge a duty which he owed to the plaintiff, the latter has a right to recover the damages sustained by reason of this neglect of duty. The judgment appealed from should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.