(57 App. Div 201.)

McGUIRE v. BAUSHER.

(Supreme Court, Appellate Division, Second Department. January 31, 1901.)

SHERIFFS AND CONSTABLES—EXECUTION—RENEWAL BY OFFICER—LOSS—LIABILITY—EVIDENCE—SUFFICIENCY.

Code Civ. Proc. § 3221, provides that no property is exempt from levy and sale on execution issued on a judgment for a servant's wages, and if the execution is returned unsatisfied an execution against defendant's person may issue. An officer received an execution issued on a judgment for wages of a domestic servant, but renewed it at the judgment debtor's request, and afterwards both that execution and one against the person were returned unsatisfied. In an action against such officer, plaintiff's attorney testified that, on the day the first execution issued, the debtor had more than property enough to satisfy the execution, which he said belonged to him. *Held* sufficient to establish plaintiff's damages by reason of the officer's renewal of the execution.    (

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Annie McGuire against William H. Bausher. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Archibald Foote Clark, for appellant.
J. P. McGee, for respondent.

GOODRICH, P. J. On a former appeal in this action (52 App. Div. 276, 65 N. Y. Supp. 382) we held that where the defendant, as marshal, had an execution in his hands, and extended the judgment debtor's time for the payment of the judgment beyond the time fixed for the return of the execution, and, without consultation with the plaintiff, procured its renewal, he was liable for the damages sustained by the judgment creditor. The evidence at the last trial showed that the plaintiff on January 30, 1900, recovered a judgment in the municipal court for $25.37, for wages as a domestic servant, against one Chrysler. By section 3221 of the Code of Civil Procedure, "no property of the defendant is exempt from levy and sale by virtue of an execution issued" upon such a judgment, and if the

execution is returned unsatisfied an execution against the person may be issued. Execution was issued to the defendant on February 5th, which was renewed through the procurement of the defendant on February 25th, and returned by him unsatisfied on March 17th. An execution against the person was issued to the defendant on March 20th, and returned not satisfied on April 28th. It appeared by the defendant's testimony that he saw Chrysler only once, and that this was about two weeks after the issuing of the first execution, when Chrysler asked him to delay for a week, when he thought he would be "able to straighten the matter out," and the defendant assented. Subsequently he tried to see Chrysler, but was unable to find him. Mr. Clark, the plaintiff's attorney, testified that on February 5th, the day of the issuing of the execution, he saw "Mr. Chrysler in possession of more than enough property to satisfy the execution on that day." On cross-examination the fact appeared that Chrysler told Mr. Clark that the property belonged to him, and no motion was made to strike out the testimony. This evidence, though slight, was sufficient to establish the plaintiff's damages by reason of the defendant's renewal of the execution. The judgment must be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.